UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ELIZABETH CURRY WHITE,

Plaintiff,

v.

JONATHAN E. KARESH,

Defendant.

Case No. 25-cv-04269-PHK

**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF WHITE'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915**

Re: Dkts. Nos. 1, 14-17, and 19-27

United States District Court
Northern District of California

## INTRODUCTION

Plaintiff Elizabeth Curry White ("White") is proceeding in this action *pro se* and filed an amended application to proceed *in forma pauperis*. [Dkts. 1, 13]. The Court previously granted Plaintiff's amended application to proceed *in forma pauperis* ("IFP") in accordance with 28 U.S.C. § 1915(a). [Dkt. 13]. Now before the Court is a determination of whether Plaintiff White's Complaint [Dkt. 1] satisfies the mandatory screening requirements of 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth herein, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. [Dkt. 1]. For the reasons stated herein, Plaintiff is **GRANTED LEAVE** to file an amended complaint by **September 25, 2026**. For the reasons stated herein, Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED AS MOOT**. [Dkt. 22].

Plaintiff's failure to file an amended complaint within the deadline set herein may result in negative consequences for this case, including the potential for dismissal of this action with prejudice.

## RELEVANT BACKGROUND

On May 19, 2025, Plaintiff filed the operative Complaint in this action against named Defendant Judge Jonathan E. Karesh, a retired San Mateo County Superior Court Judge. [Dkt. 1].

Liberally construed, the Complaint appears to assert: (1) a claim under the Federal Tort Claims Act ("FTCA"); and (2) a claim under 42 U.S.C. § 1983 alleging violations of Plaintiff's constitutional rights under the Fourteenth Amendment, including due process and equal protection. Both causes of action appear to be based on her challenge to the issuance, enforcement, and continued application of her vexatious litigant designation in California Superior Court and the associated denial of her request to vacate the Superior Court's prefiling order, including alleged violations of California Code of Civil Procedure section 391.8. *Id.* at 4–7. Plaintiff seeks monetary relief, including recovery of "hundreds of thousands of dollars" in pending civil cases involving "property estates," "inheritances assets," and a "job injury claim," which have allegedly been affected by the prefiling order. *Id.* at 7. Plaintiff also appears to seek injunctive relief in the form of an order vacating or otherwise providing relief from the vexatious litigant prefiling order. *Id.*

As note, Plaintiff filed an IFP application contemporaneously with her Complaint, [Dkt. 2], which the Court denied without prejudice on July 30, 2025. [Dkt. 11]. On August 18, 2025, Plaintiff filed an amended IFP application, [Dkt. 12], which this Court granted on August 28, 2025 pursuant to 28 U.S.C. § 1915(a)(1). [Dkt. 13]. Now the Court undertakes the mandatory screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARD

Any complaint filed pursuant to the *in forma pauperis* provisions of Section 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is: (A) "frivolous or malicious," (B) "fails to state a claim on which relief may be granted," or (C) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

If the Court dismisses a case pursuant to Section 1915, the Plaintiff may still file the same complaint by paying the filing fee because dismissal is not on the merits; rather, the dismissal is an exercise of the Court's discretion under the *in forma pauperis* statute. *Biesenbach v. Does 1-3*, No. 21-cv-08091-DMR, 2022 WL 204358, at *2 (N.D. Cal. Jan. 24, 2022) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

Plaintiff's Complaint appears facially to be a combination of the Northern District of

United States District Court
Northern District of California

California's form complaint for *pro se* plaintiffs (as to the cover and caption page, which is handwritten) along with subsequent pages which appear to be from the Northern District of Florida's form complaint for *pro se* plaintiffs (based on the footer). [Dkt. 1 at 1-2]. In reviewing the instant Complaint, the Court is cognizant that a *pro se* Plaintiff's pleadings are liberally construed and afforded the "benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

## DISCUSSION

### A. JURISDICTION

Before analyzing the merits of Plaintiff's claims, as a threshold matter the Court must first determine whether subject matter jurisdiction is proper, because that analysis "involves a court's power to hear a case" and therefore "can never be forfeited or waived." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). In the form for the Complaint used by Plaintiff, she completed the sections for alleging both federal question and diversity jurisdiction. *See* Dkt. 1 at 4–6. The Court analyzes each alleged basis for subject matter jurisdiction in turn.

First, the allegation that the Court has diversity jurisdiction under 28 U.S.C § 1332 is not proper because the Complaint lists California addresses for both Plaintiff and Defendant, destroying complete diversity of the parties. *See id.* at 2; *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) ("The upshot is that a federal court may exercise diversity jurisdiction 'only if there is no plaintiff and no defendant who are citizens of the same State.'" (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998))).

By contrast, the allegation that the Court has original subject matter jurisdiction under 28 U.S.C. § 1331 is properly pled with regard to Plaintiff's claims under the FTCA and 42 U.S.C. § 1983. These are federal statutes which, by their terms, provide subject matter jurisdiction in federal district courts. *See United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (recognizing that "the district courts shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages based on tort") (citation modified) (quoting 28 U.S.C. § 1346(b)(1)); *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995) ("It is well settled that section 1983 provides a cause of action for violations of federal statutes as well as the

Constitution.”). Accordingly, the Court determines that the Complaint adequately asserts federal question subject matter jurisdiction.

Another threshold issue is whether or not the Complaint adequately alleges personal jurisdiction over Defendant. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-102 (1998) (clarifying that a federal district court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit and the parties). A court has the duty to examine whether it may properly exercise jurisdiction because federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

For the proper exercise of personal jurisdiction, first, a defendant must have purposefully established minimum contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Second, the assertion of personal jurisdiction must comport with “traditional notions of fair play and substantial justice.” *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)); *see also Good Night Investments, LLC v. Kozlowski*, No. 5:25-cv-04576-BLF, 2026 WL 962780, at *2 (N.D. Cal. Apr. 9, 2026). “Personal jurisdiction may be general or specific.” *Good Night Investments*, 2026 WL 962780, at *2 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)).

Here, general jurisdiction is adequately pled under Rule 8(a)(1). The Complaint alleges that Defendant is a California resident. [Dkt. 1 at 2]; *see Goodyear* 564 U.S. at 924 (“For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.”); *see also Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017) (citing *Goodyear*, 564 U.S. at 919) (emphasis removed) (“A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State.”).

Accordingly, the Court determines that the Complaint adequately pleads both subject matter jurisdiction and personal jurisdiction. The Court next turns to the screening requirements of Section 1915.

**B. Whether the Complaint is Frivolous or Malicious**

As noted above, the first issue for merits screening is whether Plaintiff's Complaint is "frivolous or malicious" within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). A "case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (holding that a complaint is frivolous where it "lacks an arguable basis either in law or in fact," including claims based on "an indisputably meritless legal theory" or claims asserted against defendants who are immune from suit).

Here, Plaintiff's claims, as currently pled, rest on legal theories that are facially unavailable under governing law. First, Plaintiff's FTCA claim is legally deficient because Defendant, a California Superior Court Judge, is not a federal employee subject to liability under the FTCA. *See* 28 U.S.C. §§ 1346(b)(1), 2671. As such, the FTCA cause of action is frivolous. *See Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1077 (9th Cir. 1998) (per curium) (affirming the district court's dismissal of plaintiff's FTCA claim as improperly brought against a person not subject to the FTCA).

Second, Plaintiff's cause of action asserting violations of her due process and equal protection rights under 42 U.S.C. § 1983 is barred by the *Rooker-Feldman* doctrine. Plaintiff's civil rights cause of action seeks a *de facto* appeal of state-court judgments here in federal district court (as opposed to appeal within the state court system). *See Earls v. Greenwood*, 816 F. App'x 155, 155 (9th Cir. 2020). As noted above, the basis of Plaintiff's causes of action is a challenge to the dismissal of an underlying state court civil action and the California Superior Court's decision to declare her a vexatious litigant (and thus require her to comply with prefiling orders and placing her on the statewide vexatious litigant list). [Dkt. 1 at 6-7]. In essence, Plaintiff is seeking federal court review of these California Superior Court's judgments, and as such her § 1983 cause of action is barred by the *Rooker-Feldman* doctrine. "It is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

Furthermore, the Ninth Circuit has upheld California's vexatious litigant statutory scheme against prior constitutional challenges. *Wolfe v. George*, 486 F.3d 1120, 1125 (9th Cir. 2007). To

the extent Plaintiff's § 1983 cause of action challenges California's vexatious litigant statute on constitutional grounds, that cause of action is frivolous. *Id.*

On the current record, the Court makes no express finding as to whether the Complaint is malicious within the meaning of § 1915(e)(2)(B)(i). Although Plaintiff's status as a vexatious litigant in the state court system appears to potentially support an inference that Plaintiff filed the instant lawsuit for an improper purpose, the present record does not mandate such a finding. *See* [Dkt. 1]; *Andrews*, 398 F.3d at 1121 (defining a malicious case as one filed with the "intention or desire to harm another").

Accordingly, for the reasons discussed herein, the Complaint is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**C. Whether the Complaint States a Claim on Which Relief May be Granted**

Next, the Court analyzes whether Plaintiff's Complaint states a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2000). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison*, 668 F.3d at 1112 (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Under this familiar test for the sufficiency of a complaint, "[t]he Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (citation omitted) (emphasis in original).

Moreover, "[a]lthough a *pro se* litigant . . . may be entitled to great leeway when the court

construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, a complaint must provide defendants with fair notice of the claims asserted against them and the factual basis for those claims. *Twombly*, 550 U.S. at 555.

In evaluating the adequacy of Plaintiff's pleading, first, the Court identifies allegations that are "no more than conclusions" and sets them aside because such are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Second, the Court accepts the remaining well-pled factual allegations as true, construes them in the light most favorable to Plaintiff, and determines whether they "plausibly give rise to an entitlement to relief." *Id.* A claim clears the second step only if the well-pled facts support "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

As noted above, the basis of Plaintiff's causes of action is a challenge to the dismissal of an underlying state court civil action and the California Superior Court's decision to declare her a vexatious litigant (and thus require her to comply with prefiling orders and placing her on the statewide vexatious litigant list). [Dkt. 1 at 6-7]. Under the first plausibility step, the Complaint's assertions that Defendant's conduct was "inhuman," "cruel," or constituted "violations" are conclusory rather than factual allegations, and the Court affords these allegations no presumption of truth. [Dkt. 1 at 6–7]; s*ee Iqbal*, 556 U.S. at 679.

Fundamentally, both of Plaintiff's causes of action fail at the second step of the plausibility analysis because, even accepting Plaintiff's factual allegations as true, they rest on legal theories that are defective as a matter of law. Where no viable legal theory supports relief, a complaint cannot state a claim. *See Twombly*, 550 U.S. at 562.

First, as discussed above, Plaintiff's FTCA claim fails because the Defendant is not a properly named defendant under that statute. The FTCA provides a limited waiver of the United States's sovereign immunity for certain tort claims arising from the acts of an "employee of the Government." 28 U.S.C. § 1346(b)(1). An "employee of the government" includes "officers or employees of any federal agency." 28 U.S.C. § 2671. Defendant, a California Superior Court Judge,

is not an "employee of the Government" within the meaning of the FTCA because Defendant is a state judicial officer, not an officer or employee of a federal entity. *See* 28 U.S.C. §§ 1346(b)(1), 2671; *see also Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) (noting that state judges have Eleventh Amendment immunity). Accepting Plaintiff's allegations as true, the Complaint alleges only that Defendant is a state judicial officer, and thus does not provide a cognizable basis for relief under the FTCA. *See* Dkt. 1 at 1. Accordingly, the FTCA cause of action fails because it is not supported by a viable legal theory.

Second, Plaintiff's 42 U.S.C. § 1983 cause of action fails because the allegations do not establish cognizable Constitutional violations and thus fails on the merits. The Complaint alleges that by maintaining Plaintiff's designation as a vexatious litigant and denying Plaintiff's request to vacate the prefiling order, Defendant violated Plaintiff's due process and equal protection rights. *See* [Dkt. 1 at 4–7]. The Ninth Circuit has rejected Fourteenth Amendment due process and equal protection challenges to California's vexatious litigant statute, holding that frequent *pro se* litigants do not constitute a suspect class and that the statute does not burden a fundamental right. *See Wolfe*, 486 F.3d at 1124–26. Thus, the issuance and enforcement of orders pursuant to California's vexatious litigant statutory scheme does not, without more, establish a constitutional violation. These allegations therefore do not support a plausible inference that Defendant violated Plaintiff's rights under the Fourteenth Amendment. *See Iqbal*, 556 U.S. at 678.

Further, as discussed above, Plaintiff's § 1983 cause of action is a de facto appeal filed in this Court of certain California Superior Court decisions, such as her challenge to her inclusion on the vexatious litigant list and the denial of her request to vacate the prefiling order, and as such this cause of action fails under the *Rooker-Feldman* doctrine. Because Plaintiff seeks review, reversal, or invalidation of the California Superior Court's judgments (holding her a vexatious litigant and requiring her to comply with a prefiling order), such relief is barred where there is no proper appellate review in federal district court of state court judgments sought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) (holding that *Rooker-Feldman* bars a

federal action where the plaintiff alleges that a state court committed legal error and seeks relief from the resulting state court judgment).

Indeed, courts have applied the *Rooker-Feldman* doctrine to dismiss causes of action seeking to invalidate California vexatious litigant determinations. *See, e.g., Earls*, 816 F. App'x at 155 (affirming dismissal because a challenge to the application of California's vexatious litigant order constituted a forbidden de facto appeal of a state-court judgment). Further, as noted above, to the extent Plaintiff raises a facial challenge to California's vexatious litigant statutory scheme, this cause of action fails as a matter of law because the Ninth Circuit has upheld the California statutory scheme for vexatious litigants against prior Constitutional challenges. *See Wolfe*, 486 F.3d at 1125; *Sargent v. Cantil-Sakauye*, 812 F. App'x 682 (9th Cir. 2020).

Accordingly, and for the same legal defects which render the Complaint frivolous, the Complaint fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Because the Complaint fails to state a claim upon which relief may be granted, the Complaint must be dismissed. *See Twombly*, 550 U.S. at 562, 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

**D. Whether Defendant Has Immunity from Monetary Relief**

The next issue for IFP merits screening is whether the Complaint "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (subsection (iii) "requir[es] dismissal of in forma pauperis proceedings that seek monetary relief against immune defendants").

Judges are absolutely immune from suit for money damages for acts performed within their judicial capacity. *See Mireles*, 502 U.S. at 11–12; *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). Under *Stump*, an act is judicial in nature where it is "a function normally performed by a judge" and the parties "dealt with the judge in his judicial capacity." *See* 435 U.S. at 362. The immunity "is not overcome by allegations of bad faith or malice," and it shields the judge "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Mireles*, 502 U.S. at 11; *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The

United States District Court
Northern District of California

Ninth Circuit applies this rule to state court judges sued in federal court, and the immunity is pierced only where the judge knowingly acts in the "clear absence of all jurisdiction," not merely in excess of jurisdiction. *See Johnson v. MacCoy*, 278 F.2d 37, 38 (9th Cir. 1960).

Here, the acts specified in the Complaint—the designation of Plaintiff as a vexatious litigant and imposition of a prefiling order—are quintessentially judicial functions performed by the Defendant in his official role as a judge. *See* Dkt. 1 at 4–7; *Wolfe*, 486 F.3d at 1124–25 (outlining California's vexatious litigant scheme). The Complaint does not allege any actions by Defendant outside of his capacity as a judicial officer. At best, the Complaint alleges that Defendant erred, but those allegations do not call judicial immunity into question (such as any allegation that Defendant acted outside his jurisdiction). *See Ashelman,* 793 F.2d at 1075. As pled, the Complaint asserts causes of action for which the Defendant is absolutely immune from damages liability. Because Defendant's entitlement to absolute immunity is clear from the face of the Complaint, dismissal of these causes of action is mandatory to the extent they seek monetary damages. *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) (finding that subsection (iii) requires courts to dismiss an action "at any time," once the court has "sufficient information to make a determination on immunity"); *cf. also Adibi v. Cal. State Bd. of Pharmacy*, 393 F. Supp. 2d 999, 1006 (N.D. Cal. 2005).

**D. Leave to Amend**

As discussed above, the Court has identified numerous deficiencies in the *pro se* pleading presented and concludes that the Complaint should be dismissed under 28 U.S.C. § 1915(e)(2) because it is frivolous, fails to state a claim upon which relief may be granted, and requests monetary relief from a Defendant with absolute immunity. Because Plaintiff is proceeding without counsel, the Court determines that dismissal without prejudice and with leave to amend is appropriate. *See Hart v. Nelnet Servicing LLC,* No. 26-cv-03534-JCS, 2026 LX 385640, at *4 (N.D. Cal. June 4, 2026).

The Court notes that amendment here appears to be a challenging task in light of the legal issues discussed above. Accordingly, the Court provides the following guidance regarding the deficiencies identified herein and expects Plaintiff to address these issues in any amended complaint. Any amended Complaint must allege sufficient facts to support a cognizable claim for relief and

must identify the specific conduct by Defendant that allegedly violated Plaintiff's rights. Plaintiff may not rely solely on conclusory allegations, legal labels, or assertions that Defendant acted unlawfully. Any amended complaint must also address the legal deficiencies identified above. If Plaintiff elects to amend, the amended complaint must be complete in itself without reference to the prior pleading.

The Court further **ADVISES** that any amended complaint shall include the caption and civil case number used in this order (25-cv-04269-PHK) and the words FIRST AMENDED COMPLAINT shall be written on the caption page. The Court recommends that Plaintiff White use this Court's form complaint for drafting any amended complaint. Because an amended complaint completely replaces the previous complaint, Plaintiff White **SHALL** include in any amended complaint all the claims she wishes to present and all the defendants she wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The amended complaint **SHALL NOT** incorporate material from the prior complaint by reference.

The Court further **REMINDS** Plaintiff White that there are several resources for *pro se* litigants, such as herself, regarding proceeding in this Court. *See* Dkt. 13 at 3.

Plaintiff White **SHALL** comply with all Court's Orders in a timely fashion. When needed, Plaintiff Brooks may file a motion (prior to a deadline) requesting an extension of time to meet a Court-ordered deadline, and any such motion shall show good cause why there exists a need for a reasonable amount of additional time to complete the necessary tasks. Failure to file an amended complaint by the deadline herein may result in negative consequences for Plaintiff White's case, including dismissal of this action with prejudice such as under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Failure to file an amended complaint which cures the deficiencies identified in this Order may result in negative consequences for this case, including issuance of a Report and Recommendation of dismissal without further leave to amend and an Order directing reassignment of this case to a district judge for disposition in light of that Report and Recommendation.

## CONCLUSION

For all the reasons discussed herein, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff White's Complaint [Dkt. 1] pursuant to 28 U.S.C. § 1915. The Court **GRANTS** Plaintiff

United States District Court
Northern District of California

White leave to file an amended complaint on or before **September 25, 2026** as discussed herein.

As noted above, while this merits screening Order was pending, Plaintiff filed a motion for leave to file an Amended Complaint. [Dkt. 22]. Because (for the reasons discussed herein), the Court is granting Plaintiff leave to amend, the motion for leave to file an amended complaint is moot. Accordingly, the Court **DENIES AS MOOT** the motion for leave to file an amended complaint.

Furthermore, while this merits screening was pending, Plaintiff has filed a Motion for Trial. [Dkt. 24]. Similarly, Plaintiff filed a "Petition for Judicial Review Speedy Trial Date". [Dkt. 14]. Further, Plaintiff filed several "Notices" discussing requests for a trial date or to continue the trial date. [Dkt. 17, 20, 21]. Because the pleadings are not finalized in this case and no Defendant has yet appeared as a result, the motion to set a trial date (and all the other similar Notices and Petition) are all premature. In the exercise of the Court's discretion to manage its docket, the Court **DENIES WITHOUT PREJUDICE** the Motion for Trial (and all the other similar Notices and Petition) as premature. *See Ready Transp., Inc. v. AAR Mfg.,* 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that 'district courts have inherent power to control their docket.'") (citations omitted).

Finally, the Court notes that Plaintiff has sent at least one letter to the Court and filed several notices relating to the pendency of this merits screening Order under Civil Local Rule 7-13. [Dkts. 15, 16, 19, 23, 25, 26, and 27]. To the extent that letter and the Notices seek issuance of the instant Order, those Notices and the letter are all moot at this point. To the extent those Notices and that letter are liberally construed as seeking issuances of the instant Order, the Court **DENIES WITH PREJUDICE** those Notices and that letter as moot.

This **RESOLVES** Dkts. 1, 14-17, and 19-27.

**IT IS SO ORDERED.**

Dated: August 25, 2026

PETER H. KANG
United States Magistrate Judge